```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                   FORT MYERS DIVISION
```

WALTER T. DUNNING,

    Plaintiff,

v.                          Case No:  2:25-cv-385-JES-NPM

OFFICER ARTURO GONZALES,
OFFICER AARON STACK,

    Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on review of Defendants Officer Arturo Gonzales and Aaron Stack's (collectively "Defendants") Motion to Dismiss (Doc. #12) filed on September 2, 2025. Plaintiff Walter T. Dunning ("Plaintiff") filed a response (Doc. #15) on September 19, 2025. For the reasons set forth below, Defendants motion is GRANTED and Plaintiff's Complaint (Doc. #1) is DISMISSED WITHOUT PREJUDICE.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). A pleading drafted by a party proceeding unrepresented (pro se) is held to a less stringent standard than one drafted by an attorney, and the Court will construe the documents filed as a complaint and amended complaint liberally. Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015).

**II.**

The following allegations are set forth in the Complaint: On February 23, 2023, Plaintiff Walter T. Dunning ("Plaintiff") was at a RaceTrac gas station in Fort Myers, Florida when Fort Myers Police Department Sergeant Arturo Gonzales and Officer Aaron Stack (collectively "Defendants") detained and arrested him for trespass (Doc. #1, p. 4.) However, according to Plaintiff, the trespass order against him "had been lifted years previously." (Id. at p. 7.) The officers "ha[d] records to prove [the trespass had been lifted] and failed to search the records." (Id.) Based on these allegations, Plaintiff now brings claims against Defendants in

2

their official capacities[1] under 42 U.S.C. § 1983 for violations of his rights under the Fifth and Fourteenth Amendments.

### III.

Suits brought pursuant to 42 U.S.C. § 1983 against an officer in his or her official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent," rather than against the officer individually. Kentucky v. Graham, 473 U.S. 159, 165 (1985) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n.55 (1978)). See also Owens v. Fulton Cnty., 877 F.2d 947, 952 n.5 (11th Cir. 1989) ("For liability purposes, a suit against a public official in his official capacity is considered a suit against the local government entity he represents."); Penley v. Eslinger, 605 F.3d 843, 854 (11th Cir. 2010) ("Official-capacity suits . . . generally represent only another way of pleading an action against an entity

---

[1] The standard civil rights complaint form utilized by Plaintiff in the instant case allows a plaintiff to specify whether he is suing a defendant in his or her individual or official capacity by checking a box next to "Individual Capacity" or "Official Capacity" underneath the spaces allotted for each defendant's name, job or title, and address. For each defendant, Plaintiff checked the box indicating that he was only bringing claims against them in their "Official Capacity".

of which an officer is an agent" (citation and quotation omitted)).[2]

A plaintiff seeking to establish the liability of a governmental entity must plead and prove that one of its customs, practices, or policies caused a constitutional injury. Barnett v. MacArthur, 956 F.3d 1291, 1296 (11th Cir. 2020) (citing Monell, 436 U.S. at 690 n.55.)  The official policy or custom "must be 'the moving force of the constitutional violation. . . .'" Polk County, Iowa v. Dobson, 454 U.S. 312, 326 (1981) (quoting Monell, 436 U.S. at 694). Accord Barnett, 956 F.3d at 1296.

To impose liability on a government entity, a policy or custom must be such "a longstanding and widespread practice [that it] is deemed authorized by the policymaking officials because they must have known about it but failed to stop it[.]" Craig v. Floyd Cnty., Ga., 643 F.3d 1306, 1310 (11th Cir. 2011) (quotation and citation omitted).  "Normally random acts or isolated incidents are insufficient to establish a custom or policy." Depew v. City of St. Mary's Ga., 787 F.2d 1496, 1499 (11th Cir. 1986).

---

[2] By contrast, an action against a defendant in his individual capacity seeks to hold the defendant personally liable for his individual acts.  See Graham, 473 U.S. at 165 ("Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law.").

Plaintiff alleges no facts to support an official-capacity claim. His claims against Defendants are rooted in one isolated incident: that Defendants arrested him for trespass but "failed to search the records" that demonstrated that the trespass order against him had been lifted. Even construed liberally and in a light most favorable to Plaintiff, the Complaint lacks assertions sufficient to show that any violation of his rights was caused by a widespread custom or an official policy of the city, rather than the individual acts of the officers, as necessary to support his official-capacity claim.

Plaintiff may file an amended complaint to correct these deficiencies. If he seeks to bring claims against the same defendants based on the same allegations in the instant pleading, he is reminded that claims based on an officer's individual acts are individual capacity claims and must be brought against the officer in his or her individual capacity.[3]

Accordingly, it is now

---

[3] Defendants' Motion to Dismiss references body camera footage and a police report that Defendants assert are (1) central to Plaintiff's claims, and (2) undisputed as required to be considered at the motion to dismiss stage by Johnson v. City of Atlanta, 107 F.4th 1292 (11th Cir. 2024). Because Plaintiff has been instructed to file an amended complaint correcting the deficiencies identified in this Order, the Court disregards this and the remainder of Defendants' substantive arguments.

**ORDERED:**

1. Defendants' Motion to Dismiss (Doc. #12) is **GRANTED.**

2. Plaintiff's Complaint (Doc. #1) is **DISMISSED WITHOUT PREJDICE.**

3. Plaintiff may file an amended complaint within twenty-one days of this opinion and order.

**DONE AND ORDERED** at Fort Myers, Florida, this __3rd__ day of __November__ 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record