UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WALTER T. DUNNING,

     Plaintiffs,

v.                                    Case No:  2:25-cv-385-JES-NPM

OFFICER   ARTURO   GONZALES,
individual   capacity,   and
OFFICER AARON STACK, in his
individual capacity,

     Defendants.

---

## OPINION AND ORDER

This matter comes before the Court on defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Doc. #20) filed on December 10, 2025.  Plaintiff filed a Motion to Oppose Any Dismissals (Doc. #21) on December 22, 2025, construed as a response.  Plaintiff also filed a Supplemental Motion to Oppose the Dismissal (Doc. #22) and a Motion to Amend on the Grounds of the "Change in the U.S. Constitutional Treat[ies] with the Court Decision in Violation of the Fifth and Eighth Fourteenth and the Fourt Amendment of the U.S. State and Federal Constitution" (Doc. #23).  The Court will allow the amendment to the extent that the Court will consider the additional bases for the Section 1983 claim.  For the reasons stated below, the motion to dismiss is granted.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Stated a different way; after ignoring conclusory allegations, the Court assumes any

remaining factual allegations are true and determines "whether those factual allegations 'plausibly give rise to an entitlement to relief.'" Ingram v. Kubik, 30 F.4th 1241, 1255 (11th Cir. 2022) (citation omitted).

A pleading drafted by a party proceeding unrepresented (*pro se*) is held to a less stringent standard than one drafted by an attorney, and the Court will construe the documents filed as a complaint and amended complaint liberally. Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015). However, the Court's "'duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for the plaintiff.'" Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (citation omitted).

When reviewing a motion to dismiss, "a court may properly consider a document not referred to or attached to a complaint under the incorporation-by-reference doctrine if the document is (1) central to the plaintiff's claims; and (2) undisputed, meaning that its authenticity is not challenged." Johnson v. City of Atlanta, 107 F.4th 1292, 1300 (11th Cir. 2024). See also Swinford v. Santos, 121 F.4th 179, 188 (11th Cir. 2024) (allowing consideration of body camera footage when ruling on a motion to dismiss), cert. denied, 146 S. Ct. 204 (2025).

**II.**

Viewing the allegations in the Amended Complaint (Doc. #17) in a light most favorable to plaintiff, on February 23, 2023, at approximately 6:49 am, Sgt. Gonzales observed plaintiff at the RaceTrac on 2335 Cleveland Avenue, Fort Myers, Florida. Sgt. Gonzales was familiar with plaintiff from previous encounters. After querying information from Fort Myers Police Department (FMPD) and failing to identify that a trespassing ban had been lifted[1], Sgt. Gonzales and Officer Stack arrested plaintiff for trespassing. Officer Stack placed plaintiff in handcuffs and discovered an orange pill bottle with no label in his front pocket after a search. Plaintiff alleges that his movement was restricted within the area, the search was illegal because the trespassing ban had been lifted in 2018, and he was falsely imprisoned without legal authority or justification, causing financial hardship and separation from his family.

In the supplemental response, plaintiff submitted the Arrest/Notice to Appear and Probable Cause Statement (Doc. #22-1.) The Probable Cause Statement summarizes the events as follows:

> On February 23, 2023, at approximately 6:49 am, while on uniform marked patrol within the city of Fort Myers, Florida, Officer Stack was

---

[1] While plaintiff states that court records evidencing that the trespass order are attached, plaintiff failed to attach any such documents to the Complaint or the Amended Complaint.

4

dispatched to 2335 Cleveland Avenue (RaceTrac) to back up Sgt. Gonzalez on a trespass call.

Upon arrival on scene, Officer Stack observed that Sgt. Gonzalez was out with a male subject, later identified as Walter Dunning (B/M DOB 4-2-1942). Sgt. Gonzalez advised that he was at the RaceTrac to use the restroom, when he observed Dunning on the property. Sgt. Gonzalez was familiar Dunning through previous professional encounters, and upon querying his information through the Fort Myers Police Department Records Management System (RMS), discovered that Dunning had been trespassed from the property []. Officer Stack subsequently placed Dunning in department-issued wrist restraints and placed him under arrest.

Upon a search incident to arrest, Officer Stack discovered an orange pill bottle with no label of any kind in Dunning's front pants pocket. Officer Stack and Sgt, Gonzalez observed that this pill bottle had a white residue inside that did not appear consistent with any prescription medication that would have been in the bottle. Officer Stack utilized a department-issued Sirchie cocaine wipe to swab the inside of the pill bottle. Upon exposure to the inside of the bottle, the Sirchie wipe immediately turned blue in color, indicating a positive reaction for the presence of cocaine. Officer stack took photographs of the pill bottle and the Sirchie wipe, which were uploaded to evidence.com via the Axon Capture app.

Based on the totality of circumstances, Officer Stack finds probable cause to charge Dunning with the following offenses:

Offense 1: TRESPASSING • PROPERTY NOT STRUCTURE OR CONVEY 810.09(2a)

Offense 2: DRUG EQUIP.POSSESS • AND OR USE 893.147(1)

5

> Dunning was subsequently transported to the Lee County Jail for booking and lodging without incident.
>
> The pill bottle found on Dunning was submitted into the custody of the Fort Myers Police Department Evidence Division, where it was submitted for latent print analysis.
>
> Dunning was issued an updated trespass warning from 2335 Cleveland Avenue (RaceTrac).
>
> Dunning's bicycle was released into the custody of Dunning's friend Donald Ellis (B/M DOB 3-18-1966), with permission from Dunning.
>
> This incident was recorded by officers' department-issued body-worn cameras, as well as by in car camera.

(Doc. #22-1, p. 3.)

## III.

Section 1983 provides a private cause of action against any person who, under color of state law, deprives a person of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. To state a claim for relief, a plaintiff "'must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law.'" Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1277 (11th Cir. 2003) (citation omitted). "'A constitutional claim brought pursuant to § 1983 must begin with the identification of a specific constitutional right that has allegedly been infringed.'" DeMartini v. Town of Gulf Stream,

6

942 F.3d 1277, 1288 (11th Cir. 2019) (quoting Paez v. Mulvey, 915 F.3d 1276, 1285 (11th Cir. 2019)).  Read liberally, Plaintiff asserts claims under the Fourth, Fifth, possibly the Eighth, and Fourteenth Amendments for claims of false arrest, false imprisonment, and an illegal search incident to arrest.

### (1)  False Arrest and False Imprisonment

False arrest and false imprisonment are overlapping torts which both concern detention without legal process.  Wallace v. Kato, 549 U.S. 384, 388-89 (2007); Williams v. Aguirre, 965 F.3d 1147, 1158 (11th Cir. 2020).  Both the arrest and the detention of a person constitute a "seizure" under the Fourth Amendment. Ashcroft v. al-Kidd, 563 U.S. 731, 735 (2011) (arrest); Manuel v. City of Joliet, 580 U.S. 357, 366-67 (2017) (detention beyond start of legal process).  Under the Fourth Amendment, the reasonableness of such a seizure is "'determined by the presence or absence of probable cause.'"  Baxter v. Roberts, 54 F.4th 1241, 1265 (11th Cir. 2022) (quoting Skop v. City of Atlanta, 485 F.3d 1130, 1137 (11th Cir. 2007)).  "[T]he correct legal standard to evaluate whether an officer had probable cause to seize a suspect is to 'ask whether a reasonable officer could conclude that there was a substantial chance of criminal activity.'"  Washington v. Howard, 25 F.4th 891, 902 (11th Cir. 2022) (quoting Dist. of Columbia v. Wesby, 583 U.S. 48, 61 (2018)).  See also Ingram v. Kubik, 30 F.4th

7

1241, 1250 (11th Cir. 2022) ("substantial chance" "of dangerous behavior").

### (a)  False Arrest

"To succeed on a false arrest claim, a plaintiff must establish (1) a lack of probable cause and (2) an arrest.  An arrest—the quintessential seizure of a person—occurs when the government applies physical force to seize a person or asserts lawful authority to which the subject accedes."  Richmond v. Badia, 47 F.4th 1172, 1180 (11th Cir. 2022) (citation omitted).  "A warrantless arrest without probable cause violates the Fourth Amendment and forms a basis for a section 1983 claim."  Baxter, 54 F.4th at 1265 (citation omitted).

### (b)  False Imprisonment

"A false imprisonment claim under § 1983 requires meeting the common law elements of false imprisonment and establishing that the imprisonment was a due process violation under the Fourteenth Amendment."  Helm v. Rainbow City, Ala., 989 F.3d 1265, 1278 (11th Cir. 2021) (citing Campbell v. Johnson, 586 F.3d 835, 840 (11th Cir. 2009)).  "The elements of common law false imprisonment are an intent to confine, an act resulting in confinement, and the victim's awareness of confinement."  Campbell, 586 F.3d at 840 (citation omitted).  "[I]n order to establish a due process violation, a plaintiff must show that the officer acted with deliberate indifference, i.e., demonstrating that the officer 'had

subjective knowledge of a risk of serious harm and disregarded that risk by actions beyond mere negligence.'" Helm, 989 F.3d at 1278-79 (quoting Campbell at 840).  "Where a police officer lacks probable cause to make an arrest, the arrestee has a claim under section 1983 for false imprisonment based on a detention pursuant to that arrest." Ortega v. Christian, 85 F.3d 1521, 1526 (11th Cir. 1996) (citation omitted).  A claim of false imprisonment under § 1983, however, is defeated if the officer has probable cause to arrest.  Case v. Eslinger, 555 F.3d 1317, 1330 (11th Cir. 2009).

### (2) Search Incident to Arrest

A "search incident to a lawful arrest is a traditional exception to the warrant requirement of the Fourth Amendment." United States v. Robinson, 414 U.S. 218, 224 (1973).  Once a "seizure" is found to be constitutional, "as the Supreme Court has long held," officers are permitted to search the person "incident to a lawful arrest."  Scott v. City of Miami, 139 F.4th 1267, 1278 (11th Cir. 2025) (collecting cases).

### (3) Qualified Immunity

"'Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Castro-Reyes v. City of Opa-Locka, 166 F.4th 886, 896 (11th Cir. 2026) (citation omitted).  Officers who act within their

discretionary authority[2] are "entitled to qualified immunity under § 1983 unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was 'clearly established at the time.'" District of Columbia v. Wesby, 583 U.S. 48, 62-63 (2018) (citation omitted). See also Crocker v. Beatty, 995 F.3d 1232, 1240 (11th Cir. 2021) (Plaintiff "must allege facts establishing both.") (citation omitted)).

"A Government official's conduct violates clearly established law when, at the time of the challenged conduct, 'the contours of a right are sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'" al-Kidd, 563 U.S. at 741 (citation omitted). "In other words, 'existing precedent must have placed the statutory or constitutional question beyond debate.' [] This doctrine 'gives government officials breathing room to make reasonable but mistaken judgments', and 'protects all but the plainly incompetent or those who knowingly violate the law.'" Carroll v. Carman, 574 U.S. 13, 16 (2014) (per curiam) (internal citations omitted).

Plaintiff can show that a particular constitutional right is clearly established by: (1) showing that a materially similar case has already been decided by an appropriate court; (2) showing that

---

[2] It is undisputed that defendants were acting within their discretionary authority as officers of the Fort Myers Police Department.

a broader, clearly established principle should control the novel facts of a particular case; or (3) establishing that the conduct so obviously violates the Constitution that prior case law is unnecessary.  Davis v. Waller, 44 F.4th 1305, 1312–13 (11th Cir. 2022). "[E]ach defendant is entitled to an independent qualified-immunity analysis as it relates to his or her actions and omissions."  Alcocer v. Mills, 906 F.3d 944, 951 (11th Cir. 2018).

The defense of qualified immunity may be raised and considered on a motion to dismiss.  St. George v. Pinellas Cnty., 285 F.3d 1334, 1337 (11th Cir. 2002).  "The motion to dismiss will be granted if the complaint fails to allege the violation of a clearly established constitutional right. [] Whether the complaint alleges such a violation is a question of law that we review *de novo*, accepting the facts alleged in the complaint as true and drawing all reasonable inferences in the plaintiff's favor. [] The scope of the review must be limited to the four corners of the complaint."  Id. (internal citations omitted).

An officer is entitled to qualified immunity "where the officer had 'arguable probable cause,' that is, where 'reasonable officers in the same circumstances and possessing the same knowledge as the Defendants could have believed that probable cause existed to arrest' the plaintiffs."  Wilkerson v. Seymour, 736 F.3d 974, 977–78 (11th Cir. 2013) (citation omitted).  "Arguable probable cause is a lower standard than actual probable cause, and

11

only requires that under all of the facts and circumstances, an officer reasonably could, not necessarily would, have believed that probable cause was present." Betterson v. Town of Cutler Bay, No. 25-11638, 2026 WL 322952, at *7 (11th Cir. Feb. 6, 2026) (citing Fish v. Brown, 838 F.3d 1153, 1167 (11th Cir. 2016)).

**IV.**

In this case, plaintiff alleges that Sgt. Gonzalez ran his name and discovered that plaintiff had been trespassed from the property. Based on this information, Officer Stack determined that plaintiff could be charged for trespass on property other than a structure or conveyance because "[i]f the offender defies an order to leave, personally communicated to the offender by the owner of the premises or by an authorized person … the offender commits a misdemeanor of the first degree…." Fla. Stat. § 810.09(2)(a). While plaintiff states that the previous trespass order had been rescinded, there was no allegation that such information was known to the arresting officers at the time of the arrest. Based on the information available at the time to a reasonable officer, Sgt. Gonzalez had probable cause to place plaintiff under arrest and therefore there was no violation of a federal statutory or constitutional right.

"Since the custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment, a search incident to the arrest requires no additional

12

justification."    United States v. Goddard, 312 F.3d 1360, 1364 (11th Cir. 2002) (citing Robinson 414 U.S. at 235).  The search of plaintiff incident to the arrest led to the additional charge of the use or possession of drug paraphernalia, a misdemeanor of the first degree under Fla. Stat. § 893.147(1).  This determination came after a positive reaction for the presence of cocaine on a pill bottle in plaintiff's possession.  Plaintiff was transported to jail without incident and booked.  Having found probable cause for the arrest before the search, the search was not a violation of a federal statutory or constitutional right.

Both counts were nolle prosequi because the State Attorney's Office noted insufficient evidence to prove possession of paraphernalia beyond a reasonable doubt and "Valid-Documentation Issue Corrected".  (Doc. #22-1.)  Thef ultimate disposition of the charges has no bearing on whether an officer reasonably believed that probable cause was present at the time.  No cause of action is stated in the Amended Complaint and the Court finds that plaintiff cannot state a claim against the officers because they at least had arguable probable cause for the arrest and detention as well as the search incident to arrest.  Both defendants are entitled to qualified immunity because plaintiff cannot show a violation of a federal statutory or constitutional right or that any alleged unlawfulness was 'clearly established at the time.'

Accordingly, it is now

13

**ORDERED:**

1. Plaintiff's Motion to Amend on the Grounds of the "Change in the U.S. Constitutional Treat[ies] with the Court Decision in Violation of the Fifth and Eighth Fourteenth and the Fourth Amendment of the U.S. State and Federal Constitution" (Doc. #23) is **GRANTED** to the extent that the Court considered other bases for relief.

2.  Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Doc. #20) is **GRANTED** for the reasons stated above.

3. The First Amended Complaint is dismissed with prejudice.

4. The Clerk shall enter judgment accordingly, terminate all deadlines, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this ___30th___ day of April 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record

14